Filed 5/17/18; Certified for Publication 6/18/18 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GERALDINE TEMPLO et al., <br><br> Plaintiffs and Appellants, <br> v. <br> STATE OF CALIFORNIA, <br><br> Defendant and Respondent. | A151094 <br><br> (San Mateo County <br> Super. Ct. No. 16-CIV-00691) |

Appellants Geraldine and Mark Templo (the Templos) brought an action for declaratory relief against respondent State of California (State), claiming that a statute requiring litigants to pay a nonrefundable fee in order to secure a jury trial is unconstitutional. The trial court granted the State's motion for judgment on the pleadings on the ground that the State is not a proper defendant to the cause of action. The Templos appeal, and contend the State is the proper defendant. We reject the contention and affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 29, 2016, the Templos filed a complaint for personal injury and property damage against James Shi Ming Lu (Lu) for damages resulting from a car accident. The first two causes of action, which relate to the car accident and name Lu as the only defendant, are not at issue in this appeal.

In their third cause of action, the Templos named the State as the sole defendant and sought a declaratory judgment that California Code of Civil Procedure, section 631,

1

which requires litigants to pay a $150 nonrefundable jury fee, is unconstitutional. The Templos alleged that the fee constitutes an improper "tax" because it was "not enacted by a two-thirds vote of the California Legislature [as required by] . . . Article XIII A Section 3 of the California Constitution." They further alleged the fee "does not provide plaintiffs with any benefit or service and is not even applied to the actual jury fees incurred during the course of a trial. In addition, the [fee] does not reasonably reflect the cost incurred, if any, by the State . . . to provide jury services to the plaintiffs." The Templos also sought a refund of the fee and an award of attorney fees.

The State filed a motion for judgment on the pleadings, asserting the complaint failed to state a valid cause of action against the State because it is the Judicial Council—and not the State—that administers and manages the nonrefundable jury fees. The State argued the Templos were barred from seeking relief from the State for the additional reason that they had not complied with the California Government Claims Act (the Act), which "sets forth mandatory filing requirements for claimants seeking to sue the State . . . , a public entity, or a public employee for monetary damages."

The Templos opposed the motion, arguing the Act does not apply, or that they should be excused from complying with the Act because it would have been futile for them to do so. The Templos also offered to amend their complaint to "omit" their "request for a refund" if that would allow them to proceed without complying with the requirements of the Act.

The trial court granted the motion. It ruled that while the Act does not apply, the State is not a proper defendant to the cause of action. The court stated, "Plaintiffs' reliance on Article 13, Section 3 of the California Constitution is unpersuasive because that provision merely sets forth the burden that must be met for showing that the jury fee is not a tax. It does not designate which public entity is the proper defendant for meeting that burden. [Citation.] [¶] For lack of any factual showing that [the State] could potentially be a proper defendant, leave to amend as to [the State] is not granted." "To the extent Plaintiff desires to name [a] public entity defendant other than the

2

State . . . , Plaintiff has 20 days from service of the notice of entry or order, to file a First Amended Complaint.

The Templos filed a first amended complaint on January 3, 2017.[1]  The trial court entered judgment in favor of the State, and notice of entry of judgment was served on the Templos on February 2, 2017.  Thereafter, the Templos filed a motion for a new trial, stating, "Until the [S]tate shows that it was not involved in the collection of the $150.00 non refundable charge, a cause of action has been stated."  The trial court denied the motion.

## DISCUSSION

The Templos contend the trial court erred in granting the State's motion for judgment on the pleadings because the State is the proper defendant to their cause of action for declaratory relief.  We disagree.

A defendant may move for judgment on the pleadings on the ground that the complaint does not state facts sufficient to state a cause of action against that defendant. (Code Civ. Proc., § 438, subd. (c)(1)(B)(ii); *People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777.)  A motion for judgment on the pleadings "is equivalent to a demurrer and is governed by the same de novo standard of review."  (*Kapsimallis v. Allstate Ins. Co.* (2002) 104 Cal.App.4th 667, 672.)  Leave to amend "is properly denied if the facts and nature of plaintiffs' claims are clear and under the substantive law, no liability exists."  (*Beck v. County of San Mateo* (1984) 154 Cal.App.3d 374, 379.)

Code of Civil Procedure, section 631, subdivision (b), provides in part:  "At least one party demanding a jury on each side of a civil case shall pay a nonrefundable fee of one hundred fifty dollars ($150), unless the fee has been paid by another party on the

---

[1]Trial court records, of which we take judicial notice (Evid. Code, § 452), show that in their first amended complaint, the Templos named the Judicial Council and John Chiang, Treasurer, as defendants to the third cause of action.  The Templos later filed a request to dismiss the Judicial Council as a defendant, with prejudice, and the trial court granted the request.

3

same side of the case." "The fee shall offset the costs to the state of providing juries in civil cases." The fee is paid to the superior court, which "shall transmit the [fee] to the State Treasury for deposit in the Trial Court Trust Fund . . . ." (Code Civ. Proc., § 631, subd. (h); see also Gov. Code, § 68085.1, subds. (a)−(e) [directing superior courts to deposit the fee into a bank account established by the Administrative Office of the Courts (AOC),[2] out of which the AOC will make distributions to various programs and the Trial Court Trust Fund].) The Trial Court Trust Fund is used "to fund trial court operations," (Gov. Code, § 68085, subd. (a)(1)), which includes costs for jury services (Gov. Code, § 77003, subd. (a)(8); Cal. Rules of Court, rule 10.810(d)).

On November 2, 2010, California voters approved Proposition 26, which expanded the definition of taxes to include certain fees and charges, and requires a two-thirds vote of the Legislature to approve laws increasing taxes. (*Schmeer v. County of Los Angeles* (2013) 213 Cal.App.4th 1310, 1322.) Proposition 26 also shifted to the state or local government the burden of demonstrating that any charge, levy, or assessment is not a tax. (*Ibid.*) Proposition 26 amended Section 3 of Article XIII A of the California Constitution. (*Ibid.*)

The Templos rely on Proposition 26 in arguing that the $150 jury fee constitutes a "tax" and should therefore have been—but was not—approved by a two-thirds vote by the Legislature. They argue the State is the proper party to defend the action. There is a "general and long-established rule," however, "that in actions for declaratory and injunctive relief challenging the constitutionality of state statutes, state officers with statewide administrative functions under the challenged statute are the proper parties defendant." (*Serrano v. Priest* (1976) 18 Cal.3d 728, 752 (*Serrano*).)

---

[2]The AOC previously acted as the staff agency of the Judicial Council, and was restructured and reorganized into three divisions of the Judicial Council. (See Cal. Rules of Court, rule 10.81(b) [references to the AOC are deemed to refer to the Judicial Council, the Administrative Director of the Courts, or the Judicial Council staff as appropriate].)

4

In *Serrano*, *supra*, 18 Cal.3d 728, 752, the Supreme Court affirmed the trial court's refusal to join the Governor and Legislature as parties in a lawsuit that challenged public school financing laws and named as defendants various school superintendents and state and county officers. (*Ibid.*) The Court explained that it is the level of interest in the final outcome that determines the proper defendant, and that in cases challenging the constitutionality of a statute, the interest of the Legislature or Governor "is not of the immediacy and directness requisite to party status." (*Ibid.*) Rather, state and local agencies with "direct institutional interest" are the proper defendants. (*Ibid.*)

Similarly, in *State of California v. Superior Court (Veta)* (1974) 12 Cal.3d 237, the Supreme Court affirmed the dismissal of the State in an action contesting the denial of a permit sought under the California Coastal Zone Conservation Act of 1972, and challenging the act's constitutionality. The plaintiffs had named as defendants the California Coastal Commission—the agency responsible for administering the Act—as well as two Commission employees and the State. The court held that the demurrers filed by the State and two individual employees should have been sustained because "no relief is available" against them regarding the Commission's denial of the permit, nor did the petition contain allegations "establishing any right to declaratory relief against the state (as distinguished from the Commission acting as its agent)." (*Id.* at p. 255.) In other words, the Commission was the entity with the direct institutional interest in defending the constitutionality of the act.

The Judicial Council is the state entity established by the California Constitution to manage the judicial branch (*Fay v. District Court of Appeal* (1927) 200 Cal. 522, 527), including the judiciary's budget (Cal. Rules of Court, rule 10.1(a)(1); Gov. Code, § 68502.5; Cal. Rules of Court, App. D [governance policies for Judicial Council]). The Judicial Council bears the responsibility for administering and controlling funds allocated to the judicial branch, including the Trial Court Trust Fund. (Gov. Code, § 68085, subd. (a)(2)(A) ["the Judicial Council may authorize the direct payment or reimbursement or both of actual costs from the Trial Court Trust Fund . . . to fund the costs of operating one or more trial courts"]; Gov. Code, § 68502.5, subd. (c)(1)

5

[the "Judicial Council shall retain the ultimate responsibility to adopt a budget and allocate funding for the trial courts"]; Gov. Code, § 77206, subd. (a) ["the Judicial Council may regulate the budget and fiscal management of the trial courts"].)

The "Legislature shall make an annual appropriation to the Judicial Council for the general operation of the trial courts based on the request of the Judicial Council" and thereafter the "Judicial Council shall allocate the funding from the Trial Court Trust Fund to the trial courts in a manner that best ensures the ability of the courts to carry out their functions." (Gov. Code, § 77202, subds. (a)−(b).) The Judicial Council establishes the policies and procedures governing practices and procedures for budgeting in the trial courts, and may delegate the adoption of those policies and procedures to the Administrative Director of the Courts (formerly the AOC). (Gov. Code, § 77202, subd. (c)(1).)

The Judicial Council is also the agency that is required to provide for "the representation, defense, and indemnification" of any actions affecting the courts, and shall manage any proceedings, actions or claims that affect the trial courts. (Gov. Code, § 811.9, subds. (a)−(b).) It is responsible for "paying legal costs resulting from lawsuits or claims involving the state, the Judicial Council" or its employees arising out of "the actions or conduct of a trial court" or its employees, or "the actions or conduct of the Judicial Council." (Gov. Code, § 77204, subd. (a).)

Accordingly, in the instant case, it is the Judicial Council, and not the State as a whole, that has the "direct institutional interest" necessary to defend the action. (See *Serrano*, *supra*, 18 Cal.3d at p. 752.) The Judicial Council is the agency that has the immediate interest in upholding the constitutionality of section 631, subdivision (b), of the Code of Civil Procedure.

The Templos do not dispute that it is the Judicial Council that administers and controls the jury fees, but argues the State is nevertheless a proper party because Article XIII A, Section 3, of the California Constitution provides that "*The State* bears the burden of proving by a preponderance of the evidence that a levy, charge, or other

6

exaction is not a tax . . . ." (Italics added.)  They argue that because this section places the burden of proof on the "State," the State must be the proper defendant.  We disagree.

As noted, Proposition 26 shifted to the state or local government the burden of demonstrating that any charge, levy, or assessment is not a tax.  (*Schmeer v. County of Los Angeles*, *supra*, 213 Cal.App.4th at p. 1322.)  This shift in the burden of proof "was largely a response to *Sinclar Paint* [*Sinclair Paint Co. v. State Board of Equalization* (1997) 15 Cal.4th 866, 878]," in which the Supreme Court held that a plaintiff who challenges a fee bears the burden of making a prima facie showing that the fee is invalid.  (*Schmeer v. County of Los Angeles*, *supra*, 213 Cal.App.4th at p. 1322.)  The language in Article XIII A, Section 3, therefore merely directs that the government—and not the individual plaintiff—has the burden of proof.  It does not designate which public entity is the proper defendant for meeting that burden, nor is it reasonable to require the State to defend all Proposition 26 cases.  (See *People ex rel. Lockyer v. Superior Court* (2004) 122 Cal.App.4th 1060, 1078 [only the particular state agency or officer collecting the fee under the contested statute, and not the State, possesses the evidence necessary to meet the burden of proof].)

In fact, post-Proposition 26 cases challenging the constitutionality of state fees have been brought against the specific agencies charged with administering the pertinent statutes and fees, and the agency defendants have presented evidence and defended against the claims.[3]  (See e.g., *California Farm Bureau Federation v. State Water Resources Control Board* (2011) 51 Cal.4th 421 [declaratory relief action challenging new annual fees imposed by statute on holders of water rights permits and licenses as an improper tax]; *Southern California Edison Co. v. Public Utilities Com.* (2014) 227 Cal.App.4th 172, 200 [declaratory relief action challenging a statutory charge as an improper tax]; *California Chamber of Commerce v. State Air Resources Bd.* (2017) 10 Cal.App.5th 604, 633 [challenging a charge imposed by the Board as an improper

---

[3]The Templos do not cite any cases in which the State, rather than a specific state agency, was properly named as the defendant in a Proposition 26 action.

7

tax].)  We conclude the trial court properly granted the State's motion for judgment on the pleadings.

We further conclude the trial court did not err in denying leave to amend as to the State.  As noted, leave to amend "is properly denied if the facts and nature of plaintiff's claims are clear and, under the substantive law, no liability exists."  (*Beck v. County of San Mateo*, *supra*, 154 Cal.App.3d at p. 379.)  The plaintiff bears the burden of establishing amendment would not be futile.  (*Baughman v. State of California* (1995) 38 Cal.App.4th 182, 187.)

Here, the Templos have made no showing of how they would be able to amend their complaint to state a valid cause of action against the State.  They simply reiterate their Proposition 26 argument, stating, "It can be alleged that due process required that the law mandating the payment of the non refundable fee be enacted in accordance with the constitutional due process requirements of a two-thirds majority vote of the state legislature."  They also state they might be able to amend the complaint to add a new claim that the statute "denies equal protection" because it "unreasonably discriminates against litigants opting for a jury trial in that a similar non refundable fee is not charged to litigants who request a court trial."  This statement, made without any reasoned argument or citation to authority, is insufficient to show the complaint can be amended to state a valid cause of action against the State.  (See *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 [an appellant must support his or her point with reasoned argument and citations to authority].)

**DISPOSITION**

The judgment is affirmed.  The State of California shall recover its costs on appeal.

8

                                            _____

                                            McGuiness, Acting P.J.[*]

We concur:


_____

Pollak, J.


_____

Siggins, J.


A151094

---

[*] Retired Presiding Justice of the Court of Appeal, First Appellate District, Division Three, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GERALDINE TEMPLO et al., <br><br>     Plaintiffs and Appellants, <br><br> v. <br><br> STATE OF CALIFORNIA, <br><br>     Defendant and Respondent. | A151094 <br><br> (San Mateo County <br> Super. Ct. No. 16-CIV-00691) <br><br> **ORDER CERTIFYING OPINION FOR PUBLICATION** <br> **[NO CHANGE IN JUDGMENT]** |

**THE COURT:**

The opinion in the above-entitled matter filed on May 17, 2018, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

There is no change in the judgment.


Dated: _____6/18/18___        _____Pollak, J._____Acting P.J.

1

Geraldine Templo et al. v State of California

(A151094)


Trial Court:          San Mateo County


Trial Judges:         Hon. Jonathan E. Karesh


Attorneys:            Becker & Becker, Geoffrey Becker for Plaintiffs and Appellants.


                      Xavier Becerra, Attorney General, Diana Shaw, Senior Assistant

                      Attorney General, Anne Michelle Burr, Supervising Deputy

                      Attorney General, Heather B. Hoesterey, Deputy Attorney General

                      for Defendant and Respondent.